**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ARCHIE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STACEY FOX, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 22-3267 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

　　This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Also before the Court is Plaintiff's motion seeking appointed counsel. (ECF No. 2.) Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice and his motion shall be denied without prejudice.

I.  **BACKGROUND**

Plaintiff is a convicted state prisoner housed in Southern State Correctional Facility. (ECF No. 1 at 2-3.) In his complaint, he seeks to bring claims against various medical providers at the prison due to injuries he suffered to his shoulder. At some point in 2020, Plaintiff first injured his shoulder and received an MRI in April 2020. (*Id.* at 7.) Following that MRI, Defendant Dr. Pomerantz began treating Plaintiff's shoulder pain with injections and had him scheduled for shoulder therapy. (*Id.*) Plaintiff, unhappy with the rate of progress, repeatedly requested new MRIs of his shoulder, but the doctor stated that any necessary MRIs would be conducted by the operating surgeons before his pending surgery. (*Id.*)

In 2021, Plaintiff reinjured his shoulder, and began to have telemedicine consultations with his surgeon, Dr. Shakir of St. Francis Hospital. (*Id.* at 5-7.) Plaintiff began repeatedly requesting new MRIs, but Dr. Shakir informed him that a new MRI was unnecessary as the doctor would be able to gauge the extent of Plaintiff's injuries during his upcoming surgery. (*Id.* at 5-6.) Dr. Shakir performed the surgery in the fall of 2021. (*Id.*) Plaintiff alleges that Dr. Shakir did not provide follow-up visits after the surgery, instead returning him to the care of prison doctors.

Following his surgery, Plaintiff was prescribed a course of physical therapy, which he received from Defendants Therapist Angie and Therapist Stacey Fox, who he saw only once. (*Id.* at 3-4.) These therapists made him undergo various forms of therapy and diagnostic testing, all of which Plaintiff asserts were painful. (*Id.*) Believing that they had injured him further, Plaintiff repeatedly requested new MRIs, but did not immediately receive them. (*Id.*) Plaintiff alleges the therapists did not believe that the therapy had resulted in new injuries and that Plaintiff was "trying to find something wrong" rather than properly engaging with therapy. (*Id.*)

In February 2022, Plaintiff was taken to St. Francis Hospital due to severe pain. (*Id.* at 6.) He received a new MRI on March 1, 2022, which indicated "sever[e] damage to the same shoulder"

on which he had received surgery. (*Id.*) Although Plaintiff alleges this damage "proves" that his shoulder was not correctly repaired by Dr. Shakir, he alleges no facts actually indicating that any doctor or other provider reached such a conclusion in reviewing his MRI, only that the MRI indicated that his shoulder remained damaged. (*Id.*)

## II. **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.     DISCUSSION

In this matter, Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 against his surgeon, therapists, and a prison doctor for allegedly improper medical care he received on his shoulder. To successfully plead a violation of his Eight Amendment rights arising out of deficient medical care, Plaintiff must do more than plead malpractice – he must plead that he had a serious medical need and that the defendants were deliberately indifferent to that need. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182

4

F.3d 192, 197 (3d Cir. 1999). Where a prisoner has received treatment, he may generally therefore not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received. *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

Here, Plaintiff alleges that he injured his shoulder, that Dr. Pomerantz perceived the need for surgery and treated his pain until that surgery could occur. He also alleges that he did, indeed, receive the surgery from Dr. Shakir, and that he thereafter received a course of prescribed physical therapy with the goal of encouraging the healing of his shoulder. Although he pleads that the surgery and therapy did not ultimately resolve his issue and that his shoulder remains injured, he has not pled facts indicating that any of the defendants were actually deliberately indifferent to his condition. Instead, what he has pled at most would amount to medical negligence or malpractice – i.e., that Defendants misdiagnosed his injuries and incompletely treated those injuries – and at worst would amount to little more than his subjective disagreement with the medical judgment of his treating physicians and therapists. Neither would amount to deliberate indifference. *Rouse*, 182 F.3d at 197; *White*, 897 F.2d at 110. Because Plaintiff has pled facts which amount to no more than medical negligence, he fails to plead facts indicating that any of the named Defendants were deliberately indifferent to his needs, and his Eighth Amendment claim must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.[1] Likewise, because

---

[1] This Court does not construe Plaintiff's complaint to be raising any state law claims for medical malpractice at this time as Plaintiff only expressly states his intent to raise federal civil rights claims. To the extent that Plaintiff did wish to raise malpractice claims, this Court declines to exercise supplemental jurisdiction over those claims at this time in light of the dismissal of all of his federal claims. *See* 28 U.S.C. § 1367(c)(3). To the extent Plaintiff wishes to pursue medical malpractice claims against Defendants, he may do so by filing an appropriate complaint in state court.

Plaintiff's claim shall be dismissed without prejudice, his request for appointed counsel must likewise be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 153-57 (3d Cir. 1993); *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011).

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE,** and Plaintiff's motion (ECF No. 2) shall be **DENIED WITHOUT PREJUDICE.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge