**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ARCHIE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STACEY FOX, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 22-3267 (KMW) (SAK)<br><br>**MEMORANDUM ORDER** |

　　This matter comes before the Court on Plaintiff Shawn Archie's motion to reopen this matter. (ECF No. 12.) By way of background, Plaintiff filed his initial complaint in this matter in May 2022. (ECF No. 1.) On June 2, 2022, this Court dismissed that complaint without prejudice for failure to state a claim for which relief may be granted, and granted Plaintiff leave to file an amended complaint within thirty days. (ECF Nos. 3-4.) Plaintiff did not timely file an amended complaint, and instead requested an extension of time to file an amended complaint in July 2022, which this Court granted. (ECF Nos. 6-7.)

　　Despite this extension, Plaintiff did not file a timely amended complaint. In November 2022, however, the Court received a letter from a Tara Simmons Archie of South Hill, Virginia, which contained a letter, purportedly from Plaintiff, which stated that it was intended to be a motion seeking to amend Plaintiff's dismissed complaint. (ECF No. 10.) This letter, however, was not signed by Plaintiff, nor did it contain any clear, signed, statement from Plaintiff requesting that Ms. Simmons Archie be permitted to file any motion or document on Plaintiff's behalf. Because this document was not signed by Plaintiff, and a non-attorney, such as Ms. Simmons

Archie, may not represent another in a case before this Court, *see See, e.g., Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012), this filing was improper and this Court could not construe the unsigned filing as an amended complaint. *See, e.g.*, Fed. R. Civ. P. 11(a) (requiring all pleadings and motions to be signed by either a party personally or an attorney of record). As Plaintiff never filed a signed amended complaint containing his claims, there is no operative complaint in this closed matter.

In May 2023, an attorney, Jerry Allan Lindheim entered an appearance in this matter on Plaintiff's behalf. (ECF No. 11.) Plaintiff's attorney did not file an amended complaint, however, and instead waited nearly an entire year before, on April 29, 2024, filing a "motion" seeking to reopen this case. (ECF No. 12.) That motion seeks to have this matter "place[d] . . . back into litigation track," but does not present a pleading which would permit this matter to be reopened. (*Id.* at 3-4.) Indeed, counsel recognizes that "an amended complaint is needed in this matter" for any further proceedings to occur. (*Id.* at 5.) As there is no operative pleading currently filed in this matter as Plaintiff's original complaint was dismissed without prejudice and Plaintiff has not since filed a signed, clearly authoritative amended complaint containing a full statement of all of Plaintiff's claims, however, there is nothing for this Court to reopen. Plaintiff's motion must therefore be denied without prejudice. To the extent Plaintiff wishes to reopen and pursue his claims, he may do so only by filing an amended complaint, signed by either Plaintiff or his attorney and not filed through an unauthorized third party, and requesting in writing that this matter thereafter be reopened.

**IT IS THEREFORE** on this 9th day of May, 2024,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

**ORDERED** that Plaintiff's motion to reopen this closed case is **DENIED WITHOUT PREJUDICE**; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff electronically, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge